IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRE'VON A. WOODARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00736-O-BP |
| | § | |
| AMAZON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Application to Proceed in District Court without Prepaying Fees or Costs filed by the Plaintiff on July 17, 2020. ECF No. 2. This case was automatically referred to the undersigned pursuant to Special Order 3 on that same day. ECF No. 3. Based on the relevant filings and applicable legal authorities, the Application should be **DENIED**, and the case should be dismissed for failure to follow court orders unless the Plaintiff timely pays the filing fee.

**I.     BACKGROUND**

Plaintiff filed this case and moved to proceed *in forma pauperis* on July 17, 2020. ECF No. 2. Based on the information in his motion, the Court held that the Plaintiff had enough assets to pay the filing fee and ordered the Plaintiff to pay the full filing fee by August 20, 2020. ECF No. 5. The order specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case would be subject to dismissal without prejudice as provided by Federal Rule Civil Procedure 41(b). *Id.* Plaintiff has not paid the filing fee despite sufficient assets.

## II.     LEGAL STANDARD

Whether to permit or deny an applicant to proceed in forma pauperis is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court is permitted to dismiss an action *sua sponte* for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing Fed. R. Civ. P. 41(b)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962)).

## III.    ANALYSIS

Following a complete review of the Application and supporting affidavit, the Court determines that Plaintiff has sufficient income to pay the filing fee in this case. Plaintiff swore in his affidavit that that he has monthly income from employment of $600.00, gross monthly pay of $2,000.00, and no expenses. ECF No. 2. While he lists only a nominal amount of cash and no assets, his income, gross monthly pay, and lack of expenses are compelling evidence that Plaintiff has enough financial resources to pay the filing fee.

Plaintiff was specifically warned that failure to pay the fee would result in a recommendation that leave to proceed in forma pauperis be denied, and that the case would be subject to dismissal. Because he failed to comply with an order that he pay the filing fee and had sufficient assets with which to do so, his complaint should be dismissed.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Plaintiff's Application to Proceed *In Forma Pauperis*. ECF No. 2. Furthermore, the undersigned **RECOMMENDS** that Plaintiff be ordered to pay the $400.00 filing fee within fourteen days of the date of this Findings, Conclusions, and Recommendation, and, if he fails to do so, the Court should dismiss this action without prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** August 27, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3